UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ELIYAHU WEINSTEIN,
*Petitioner,*

v.

UNITED STATES,
*Respondent.*

Civil Action No. _____

## DECLARATION OF AYELET ROSENZWEIG, ESQ.

Pursuant to 28 U.S.C. § 1746, I, Ayelet Rosenzweig, state as follows:

1.      I am the owner and head of a law and notary office in Jerusalem, Israel. In my legal practice, I handle transactional, commercial, corporate, and real estate matters in Israel.

2.      In 2005, I met Eliyahu Weinstein, and as of late 2012, I represented Mr. Weinstein in several legal matters involving investments in Israel.

3.      At that time, I knew that Mr. Weinstein was a defendant in *United States v. Weinstein*, No. 3:11-cr-701 (JAP) (D.N.J.), and that his criminal case was scheduled for trial in early 2013. I did not represent Mr. Weinstein in his criminal case, and I had no knowledge regarding his business or transactions in the United States.

4.      On December 30, 2012, I traveled to the United States to meet and work with Mr. Weinstein on various civil matters in Israel that he wanted to address before his criminal trial. On January 2, 2013, I met with Mr. Weinstein at the hotel where I was staying.

5.      During our meeting, I observed that Mr. Weinstein was extremely troubled and unfocused. I asked him why he was upset and distracted, and he then told me that he was under great stress, because he was presented with an offer that had to do with the criminal case against him, and that he had to make a serious and heavy decision. He then confided in me about his situation and his thoughts about his criminal case. Mr. Weinstein told me that there was a possibility that the trial would not take place as scheduled, because he might plead guilty, based on a plea agreement that he had been offered. Mr. Weinstein further told me that the attorneys who represented him in his criminal case negotiated a plea agreement with the federal prosecutors that included a possible sentence of up to 25 years in prison.

6.      I asked Mr. Weinstein why he would consider such a plea agreement, and he told me that, earlier in the morning, one of his attorneys had spoken by phone with the federal judge in his case, and that during the call, the judge assured his attorney that, if Mr. Weinstein pleaded guilty, he would receive a sentence of about 5 years in prison. Mr. Weinstein further stated that the judge told his attorney that, if Mr. Weinstein pleaded guilty, the judge would remember the 5-to-10-year plea offer that the prosecutors previously made to Mr. Weinstein, and that if Mr. Weinstein also made significant restitution, his attorneys would most likely be able to persuade the judge to impose a sentence of even less than 5 years in prison.

7.      I was shocked, and expressed my disbelief to Mr. Weinstein, noting that I could not even imagine such an event could take place in the United States, which I hold as one of the greatest founders and guardians of the "due process of law." I

could not believe that a judge would hold any private conversation with one side of an ongoing criminal case, let alone intervene in such a manner regarding the outcome of the case.

8.      Mr. Weinstein then offered, since I did not believe him about the communications between the judge and his attorney, that I should speak directly with one of his attorneys.

9.      My best recollection is that Mr. Weinstein then called one of his attorneys, who I think was Mark Harris, and the attorney confirmed what Mr. Weinstein conveyed to me, as detailed in paragraph 6 above.

I declare under the penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed: January 16, 2018
Jerusalem, Israel

_____

Ayelet Rosenzweig