NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

RECEIVED
APR 1 1 2018
AT 8:30
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| ELIYAHU WEINSTEIN, | CIV. ACTION NO. 18-0894(AET) |
| Petitioner, | |
| v. | |
| UNITED STATES, | |
| Respondent. | |
| ELIYAHU WEINSTEIN, | CIV. ACTION NO. 18-5575(AET) |
| Petitioner, | |
| v. | |
| UNITED STATES, | **OPINION** |
| Respondent. | |

THOMPSON, U.S. District Judge

1. This matter comes before the Court on Petitioner Eliyahu Weinstein's motion to consolidate his motions under 28 U.S.C. § 2255. No. 18-0894, Docket Entry 30. Respondent United States consents to the motion. For the reasons discussed below, the above-named actions will be consolidated into one action.

1

2. Petitioner filed a motion under § 2255 on January 22, 2018 challenging two judgments of conviction entered in the District of New Jersey: *United States v. Weinstein*, No. 11-cr-701 (D.N.J.) and *United States v. Weinstein*, No. 14-cr-219 (D.N.J.).

3. On March 13, 2018, this Court dismissed the motion without prejudice "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." 28 U.S.C. § 2255 Rule 2(d). Dismissal Opinion and Order, Docket Entries 24 & 25.

4. The Court tolled the statute of limitations for 30 days and permitted Petitioner to resubmit separate § 2255 proceedings. *Id.*

5. In compliance with that Order, Petitioner submitted an amended motion in Civil Action 18-0894 challenging the judgment of conviction entered in *United States v. Weinstein*, No. 11-cr-701 (D.N.J.) (*Weinstein I*). Amended Motion, Docket Entry 29. He also filed a new proceeding under Civil Action 18-5575 challenging the judgment of conviction entered in *United States v. Weinstein*, No. 14-cr-219 (D.N.J.) (*Weinstein II*).

6. Petitioner now moves to consolidate those actions for purposes of proceeding. Docket Entry 30.

7. Under the Federal Rules of Civil Procedure:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(1)-(3).

8.  "Consolidation is appropriate in order to avoid unnecessary costs and/or delay, and to promote judicial economy." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993) (internal citations omitted). Courts should balance the savings of time and effort against the inconvenience, delay or expense that might result "from simultaneous disposition of the separate actions." *Id.* at 81.

9.  Specific factors to consider in consolidation are risk of possible confusion, risk of inconsistent adjudications of common issues of law and fact, burden on parties and witnesses, length of time required and relative expense. *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (citing *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)).

10. The Court finds that consolidation is warranted in these matters. The claims raised by Petitioner in his § 2255 motions involve common facts. Moreover, Petitioner argues "but for the ineffective assistance of plea counsel in *Weinstein I*, the subsequent prosecution in *Weinstein II* would not have occurred (or it would have been incorporated into the resolution of *Weinstein I*)." Motion at 2.

11. Consolidation will prevent unnecessary duplicative pleadings and reduce the burdens on the parties and the Court.

12. For the reasons stated above, Civil Actions 18-0894 and 18-5575 shall be consolidated for all purposes.

13. An appropriate order follows.

DATED: 4/11/18

Anne E. Thompson
ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE