NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| ELIYAHU WEINSTEIN, | : | CIV. ACTION NO. 18-0894(AET) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| ELIYAHU WEINSTEIN, | : | CIV. ACTION NO. 18-5575(AET) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES, | : | **OPINION** |
| Respondent. | : | |

THOMPSON, U.S. District Judge

**I. INTRODUCTION**

      This matter comes before the Court on Petitioner Eliyahu Weinstein's motion to recuse all the district judges in the District of New Jersey under 28 U.S.C. § 455(a). (ECF No. 36).

Respondent United States opposes the motion. (ECF No. 48). After careful consideration of the parties' arguments in their papers and at oral argument, the Court denies the motion.

## II. BACKGROUND

Petitioner has filed two motions under 28 U.S.C. § 2255, which this Court has consolidated, challenging two judgments entered by retired United States District Judge Joel A. Pisano: *United States v. Weinstein*, No. 11-cr-701 (D.N.J. Mar. 12, 2014) and *United States v. Weinstein*, No. 14-cr-219 (D.N.J. Dec. 16, 2014). In a consolidated opinion, the Third Circuit affirmed the convictions and sentences: an aggregate of 24 years incarceration and more than $225 million in restitution. *United States v. Weinstein*, 658 F. App'x 57 (3d Cir. 2016). The consolidated § 2255 motions allege ineffective assistance of trial and appellate counsel and, most relevant to the instant motion, judicial misconduct by Judge Pisano. Specifically, Petitioner alleges Judge Pisano involved himself in plea negotiations in violation of Federal Rule of Criminal Procedure 11 and demonstrated bias towards Petitioner.

On May 1, 2018, Petitioner filed the instant motion to recuse the entire District of New Jersey. The Court consulted with the parties and set a briefing schedule for the recusal motion and stayed the briefing on the merits of the § 2255 motions. (ECF Nos. 46 & 47). The Court conducted oral argument on June 12, 2018. (ECF No. 50). The matter is now ripe for disposition.

## III. STANDARD OF REVIEW

"[A] federal judge must self-disqualify from 'any proceeding in which [her or] his impartiality might reasonably be questioned.'" *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012) (quoting 28 U.S.C. § 455(a)) (second alteration in original). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude

that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). "An objective inquiry, this test is not concerned with the question whether a judge actually harbors bias against a party." *Kennedy*, 682 F.3d at 258. "Because § 455(a) aims not only to protect both the rights of the individual litigants, but also to promote the public's confidence in the judiciary, our analysis focuses on upholding the appearance of justice in our courts." *Id.* "[T]he hypothetical reasonable person under § 455(a) must be someone outside the judicial system . . . ." *In re Kensington*, 368 F.3d at 303 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)). *See also In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("We also said that, when considering disqualification, the district court is not to use the standard of 'Caesar's wife,' the standard of mere suspicion.").

## IV. ANALYSIS

Petitioner argues recusal of the entire District of New Jersey bench is required because his § 2255 motions "involve well-documented allegations about serious misconduct by Judge Pisano, which necessarily bear on his credibility and reputation . . . . Under the circumstances, a reasonable person might question the impartiality of the District Judges in New Jersey, who will be obliged to sit in judgment concerning their former judicial colleague." (ECF No. 36-1 at 10). Petitioner further argues that "a reasonable person might question if Mr. Weinstein could receive a fair hearing from an impartial tribunal if a District Judge in New Jersey decides the extent of permitted discovery, resolves factual disputes following an evidentiary hearing, and rules

3

whether to grant or deny any post-conviction relief" given the high-profile nature of the attorneys involved, including Petitioner's former trial counsel Robert Cleary, a former U.S. Attorney for the District of New Jersey. (*Id.* at 11).

Petitioner has not met the standard for this Court's recusal under § 455(a), let alone the entire District of New Jersey. Judge Pisano began his service in the District of New Jersey as a magistrate judge in the Newark Vicinage. He spent time in all three vicinages upon his elevation to a district judgeship in 2000, his most recent location being in the Trenton Vicinage. He retired from the bench more than three years ago on February 16, 2015. This Court and Judge Pisano, although serving in the same vicinage, were not close and had no discussions of each other's cases. The degree of professional interaction and friendship present in the cases cited by Petitioner, *see, e.g.*, *United States v. Gordon*, 354 F. Supp. 2d 524 (D. Del. 2005), were not present between the Court and retired Judge Pisano. A reasonable, outside observer in possession of all of these facts would not question this Court's ability to impartially consider and decide the merits of the § 2255 petitions. Accordingly, the Court sees no reason to recuse herself or every judge in the District of New Jersey.

**V. CONCLUSION**

For the reasons stated above, the motion is denied. An appropriate order follows.

DATED:     June 27, 2018

                                            */s/ Anne E. Thompson*
                                            ANNE E. THOMPSON
                                            UNITED STATES DISTRICT JUDGE